IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RHONDA KAY THOMPSON                                                                PLAINTIFF

V.                                        NO. 12-5049

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rhonda Kay Thompson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on October 1, 2009, alleging an inability to work since May 9, 2009, due to "Shoulder problems." [2] (Tr. 136, 140). Plaintiff met the insured requirement through December 31, 2013. (Tr. 136). An administrative hearing was held on July 7, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 21-39).

By written decision dated September 27, 2010, the ALJ found that during the relevant

---

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2]Plaintiff amended her onset date at the hearing to May 9, 2009. (Tr. 27).

-1-

time period, Plaintiff had an impairment or combination of impairments that were severe - torn right rotator cuff and hypertension. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), with the additional non-exertional limitation: only occasional overhead reaching bilaterally. (Tr. 13).

With the help of a vocational expert (VE), the ALJ determined Plaintiff was unable to perform past relevant work, but was capable of performing other jobs, such as assembler, driver, and charge account clerk. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on January 19, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ disregarded Plaintiff's subjective complaints of pain; 2) The ALJ erred in determining Plaintiff retained the RFC to perform less than a full range of sedentary work; and 3) The ALJ neglected to fully and fairly develop the medical record. (Doc. 7).

**A.   Subjective allegations of Pain and Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ indicated that after carefully considering the evidence, he

found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 15). The ALJ specifically reported that he considered Plaintiff's subjective allegations, and gave careful consideration to all avenues presented that related to such matters, in accordance with Polaski. He discussed Plaintiff's daily activities, noting that she could perform household chores such as cleaning her home, washing clothes and picking up trash. The ALJ also reported that Plaintiff went outside daily, had the ability to drive, went shopping, played with her grandchildren, and had conversations almost daily. (Tr. 15). He noted the fact that with respect to Plaintiff's pain, Dr. Tom Coker, an orthopedist, recommended a cortisone shot but Plaintiff refused. The records reveal that for the most part, the only medication Plaintiff took was Aleve, Advil, and Ibuprofen, although she advised Dr. Coker that she had to resort to Hydrocodone to be able to sleep. (Tr. 143, 173, 182, 212). This is inconsistent with allegations of pain. See Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987)(failure to seek regular treatment or obtain pain medication inconsistent with complaints of disabling pain).

Based upon the foregoing, and the reasons given in Defendant's well-reasoned brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**B.    RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own

-5-

description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ found that Plaintiff would be able to perform the full range of sedentary work, with the additional non-exertional limitation of only occasional overhead reaching bilaterally. (Tr. 13). In making this finding, the ALJ considered all of the relevant medical evidence, including the report of her treating physician, Dr. Garland M. Thorn, dated February 9, 2007, wherein he indicated Plaintiff could return to work on February 9, 2007, with no restrictions. (Tr. 192). The ALJ also considered the MRI dated July 27, 2009, which revealed a large full-thickness tear of the supraspinatus[3] tendon with retraction to the level of the glenoid face; moderate infraspinatus[4] and mild supraspinatus muscle belly atrophy; mild

---

[3]Supraspinatus - Intrinsic (scaplohumeral) m. of shoulder joint, the tendon of which contributes to the rotator cuff; . . . Stedman's Medical Dictionary 1255 (28th Ed. 2006).

[4]Infraspinatus - Intrinsic (scapulohumeral) m. of shoulder joint, the tendon of which contributes to the formation of the rotator cuff; . . . Id. at 1245.

-6-

acromioclavicular[5] joint arthrosis,[6] and severe biceps long head tendinopathy and small joint effusion. (Tr. 14, 209). The ALJ considered Dr. Cocker's report in which he diagnosed Plaintiff with a torn rotator cuff. (Tr. 14, 212).

On November 4, 2009, Dr. Ronald Crow completed a Physical RFC Assessment, in which he concluded that the medical records supported a light RFC with manipulative limitations. (Tr. 219-226). On January 7, 2010, Dr. Bill F. Payne affirmed Dr. Crow's opinion. (Tr. 231). The ALJ gave the opinions of both doctors little weight regarding Plaintiff's exertional capacity, because they were from non-examining sources. (Tr. 15). However, he gave them great weight regarding Plaintiff's overhead reaching abilities, because they were consistent with the medical record and Plaintiff's testimony and allegations. (Tr. 15).

The ALJ gave all of the medical opinions appropriate weight, and considered Plaintiff's testimony. Therefore, based upon the foregoing, and the reasons given in Defendant's well-reasoned brief, the Court finds that there is substantial evidence to support the ALJ's RFC findings.

### C.     Failure to Fully Develop the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty

---

[5]Acromioclavicular - Relating to the acromion and clavicle; denoting the articulation between the clavicle and the acromion of the scapuls. Id. at 19.

[6]Arthrosis - Degenerative joint changes. Id. at 162.

-7-

to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 989).

In this case, Plaintiff argues that the ALJ should have sent Plaintiff for a general physical examination and a consultative orthopedic evaluation to fully determine the "*current*" extent and limiting effects of her right shoulder pain and hypertension. The Court disagrees. Dr. Coker's examination was conducted on August 21, 2009, and because he is an orthopedist, his opinion is significant. He noted upon physical examination that she had full extension and almost full flexion. He noted that she had internal rotation to her belt buckle, and external rotation was limited about 10 degrees. (Tr. 212). Her biceps and triceps were intact and she had no instability. (Tr. 212). Her AC joint was a little tender and she had a little impingement sign positive. (Tr. 212). He believed conservative treatment had failed and indicated he would perform an open rotator cuff repair, distal clavicle resection, and would see her again if she decided she wanted surgery. (Tr. 213). He did not impose any limitations in his report. This information, as well as the MRI of Plaintiff's shoulder, was available to Dr. Crow and Dr. Payne, who opined that Plaintiff would be capable of performing light work with certain manipulative

limitations. The Court believes the existing medical sources before the ALJ contained sufficient evidence to make a determination, and therefore, the ALJ did not fail to fully and fairly develop the record.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 12th day of March, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)